ARKANSAS FUEL OIL COMPANY v. GAYLORD.

5-9                                                   255 S. W. 2d 666

Opinion delivered March 2, 1953.

Rehearing denied March 30, 1953.

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Ernest Briner,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellant for specific performance of a contract by which the appellee agreed to sell to the appellant certain property in the city of Benton. The agreement which the appellant seeks to enforce was in the form of an option to purchase and was contained in a lease which expired on April 11, 1951. The chancellor, finding that the appellant had failed to complete the purchase during the term of the lease, dismissed the complaint. The only question now presented is whether the trial court was correct in holding that the entire transaction had to be consummated before the expiration of the lease.

As of April 11, 1936, Mrs. Gaylord leased the property to the appellant for ten years; later on the lessee exercised an option to extend the lease for an additional

five years. The instrument provides that the tenant has the privilege of purchasing the property for $12,000 in cash "at any time during the term of this lease, or any extension thereof." Upon the exercise of this option to purchase the landlord is required to prepare and submit to the tenant's attorneys an abstract of title and to take any steps necessary to correct defects in the title. If the lessor fails to clear the title within a reasonable time the lessee may do so and deduct the expense from the purchase price.

On February 27, 1951, which was forty-three days before the end of the term, the appellant notified Mrs. Gaylord that it elected to purchase the property, Mrs. Gaylord promptly submitted an abstract of title, which was found to disclose the usual minor defects. While this curative work was being done the appellant had the lots surveyed and discovered that a neighboring dwelling owned by Mrs. Gaylord encroached upon the leasehold premises to the extent of 1.8 feet.

On March 9 the appellant by letter requested Mrs. Gaylord to move the encroaching dwelling. In her reply Mrs. Gaylord asked for leniency, saying: "I do feel that the few inches the building is over the line is not too compulsory or needful as to make me move the building at this time. Isn't there some way you can figure out for me to acquire these few inches or at least let the building remain as is until you people definitely decide to build?" In response to this plea the appellant sent its division manager to see Mrs. Gaylord, and on April 4 he recommended to the company's Shreveport office that Mrs. Gaylord be given an easement permitting the encroachment.

On April 11 the appellant instructed its attorneys to prepare the suggested easement. The next day the company sent the purchase money to these attorneys, who informed Mrs. Gaylord on April 14 of its availability. She did not call for the money, however, and when a formal tender was made not later than April 20 she refused it as being too late.

We think the chancellor erred in his conclusion that the appellant's demand for performance, made nine days after the end of the term, came too late. It is of course true that in a case of this kind time is of the essence "in the exercise of the option." *Smith* v. *Carter,* 213 Ark. 937, 214 S. W. 2d 64. Hence, as we indicated in that case, the tenant cannot exercise the option after the landlord has terminated the lease on account of its breach by the tenant, nor can the latter extend the time by holding over and paying rent.

Here the facts are materially different. This appellant exercised its option to purchase on February 27, more than six weeks before the term expired. The parties could have fixed a definite time for the completion of the transaction, as was done in *Indiana & Ark. etc. Co.* v. *Pharr,* 82 Ark. 573, 102 S. W. 686, but instead they plainly contemplated some flexibility in the time allowed for bringing the matter to a conclusion. Mrs. Gaylord was required to perfect her title within "a reasonable time," and upon her failure to do so the purchaser was to be permitted to assume that burden and to charge the expense to her.

There is not the slightest proof that the appellant was dilatory in its efforts to consummate the purchase. It is fair to say that the principal cause for the delay beyond April 11 lay in Mrs. Gaylord's understandable unwillingness to remove her encroaching dwelling. Had that building been moved immediately after the company requested that action on March 9, there is no reason to believe that all other details would not have been satisfactorily taken care of well before April 11. Undoubtedly Mrs. Gaylord was entitled to expect that the negotiations be carried forward without unreasonable delay, but in this respect we perceive no default on the purchaser's part.

Reversed.